# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
### PENSACOLA DIVISION

**UNITED STATES OF AMERICA**

-vs-                                            Case # 3:11cr68-004/MCR

**ERIC GARDNER**

USM # 21193-017

**Defendant's Attorney:**
Spiro T. Kypreos (Appointed)
3 West Garden Street, Suite 367
Pensacola, Florida 32501

## AMENDED JUDGMENT IN A CRIMINAL CASE

**Date of Original Judgment:** April 23, 2012
**Reason for Amendment:** Modification of Restitution Order (18 U.S.C. § 3664)

The defendant pled guilty to Counts One and Three of the Indictment on December 1, 2011. Accordingly, **IT IS ORDERED** that the defendant is adjudged guilty of such count(s) which involve(s) the following offense(s):

| TITLE/SECTION NUMBER | NATURE OF OFFENSE | DATE OFFENSE CONCLUDED | COUNT |
|---|---|---|---|
| 18 U.S.C. § 371 | Conspiracy to Transport Stolen Goods in Interstate Commerce | April 2, 2008 | One |
| 18 U.S.C. §§ 2314 and 2 | Transportation of Stolen Goods in Interstate Commerce | April 2, 2008 | Three |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984, including amendments effective subsequent to 1984, and the Sentencing Guidelines promulgated by the U.S. Sentencing Commission.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

Date of Imposition of Sentence:
April 23, 2012

_M. Casey Rodgers_
M. CASEY RODGERS
CHIEF UNITED STATES DISTRICT JUDGE

Date Signed: May 24, 2012

Rec'd 0524'12 USDCFln 3PM 0305

## PROBATION

The defendant is hereby placed on probation for a term of **Probation for a term of 5 years as to Counts One and Three, said terms to run concurrently one with the other.**

While on probation, the defendant shall not commit another federal, state, or local crime and shall not illegally possess a firearm, ammunition, or destructive device. The defendant shall also comply with the standard conditions that have been adopted by this court (set forth below). If this judgment imposes a fine or a restitution obligation, it shall be a condition of probation that the defendant pay any such fine or restitution.

For offenses committed on or after September 13, 1994: The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from placement on probation and at least two periodic drug tests thereafter, as directed by the probation officer.

Although mandatory drug testing is required pursuant to the Violent Crime Control and Law Enforcement Act of 1994, the drug testing condition is suspended based upon the Court's determination that the defendant poses a low risk of future substance abuse.

The defendant shall cooperate in the collection of DNA as directed by the probation officer.

## STANDARD CONDITIONS OF SUPERVISION

The defendant shall comply with the following standard conditions that have been adopted by this court.

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;

2. The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4. The defendant shall support his or her dependents and meet other family responsibilities;

5. The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6. The defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;

7. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9. The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11. The defendant shall notify the probation officer within **72 hours** of being arrested or questioned by a law enforcement officer;

12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

14. If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervision that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

## ADDITIONAL CONDITIONS OF PROBATION

The defendant shall also comply with the following additional conditions of probation:

1. Any unpaid restitution balance shall be paid in monthly installments of not less than $250 to commence within 30 days of this Judgment.

2. The defendant shall provide the probation officer with access to any and all requested financial information, business as well as personal.

3. The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless and until the he has satisfied his restitution obligation.

4. The defendant shall not transfer or dispose of any asset, or his interest in any asset, without the prior approval of the probation officer unless and until he has satisfied his restitution obligation.

5. The defendant shall undergo a mental health evaluation and must comply with the treatment recommendations of that health care professional.

Upon a finding of a violation of probation or supervised release, I understand the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

_____                    _____
Defendant                                             Date


_____                    _____
U.S. Probation Officer/Designated Witness             Date

## CRIMINAL MONETARY PENALTIES

All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made to the Clerk, U.S. District Court, unless otherwise directed by the Court. Payments shall be made payable to the Clerk, U.S. District Court, and mailed to 111 N. Adams St., Suite 322, Tallahassee, FL 32301-7717. Payments can be made in the form of cash if paid in person.

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in the Schedule of Payments. The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options in the Schedule of Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

### SUMMARY

| Special Monetary Assessment | Fine | Restitution |
|---|---|---|
| $200.00 | Waived | $28,177.25 |

### SPECIAL MONETARY ASSESSMENT

A special monetary assessment of **$200.00** is imposed.

### FINE

No fine imposed.

## RESTITUTION

Restitution in the amount of **$28,177.25** is imposed.

The court retains jurisdiction to make any modifications to the restitution amount for a term of 60 days. The U.S. Attorneys Office is directed to provide the necessary information to the Court. If the amount of restitution reflected in this judgment needs modification, an Amended Judgment in a Criminal Case will be entered after such a determination.

The defendant shall make restitution to the following victims in the amounts listed below.

| Name of Payee | Total Amount of Loss | Restitution is Ordered Joint and Several with: |
|---|---|---|
| State Farm Insurance Company<br>P.O. Box 830852<br>Birmingham, Alabama 35283<br>Claim # 01-Q22-967<br>Attn: Nelda Windham | $6,427.25 | Kreg Willingham King - DKT# 3:11CR52-001; Ronald McDonald- DKT #3:11CR52-002 and David Aaron Smith - DKT #3:11CR62-001 |
| State Farm Insurance Company<br>P.O. Box 830852<br>Birmingham, Alabama 35283<br>Claim # 01-6826-148<br>Attn: Nelda Windham | $5,000.00 | Kreg Willingham King - DKT# 3:11CR52-001; Ronald McDonald- DKT #3:11CR52-002 and David Aaron Smith - DKT #3:11CR62-001 |
| Terry Browning<br>(address maintained confidentially) | $350.00 | Kreg Willingham King - DKT# 3:11CR52-001; Ronald McDonald- DKT #3:11CR52-002 and David Aaron Smith - DKT #3:11CR62-001 |
| John Kittrell, III<br>(address maintained confidentially) | $500.00 | Kreg Willingham King - DKT# 3:11CR52-001; Ronald McDonald- DKT #3:11CR52-002 and David Aaron Smith - DKT #3:11CR62-001 |

FLND Form 245B (rev 12/2003) Judgment in a Criminal Case  
3:11cr68-004/MCR - ERIC GARDNER

Page 7 of 8

| Payee | Amount | Related Defendants |
|---|---|---|
| Zurich Small Business<br>P.O. Box 968084<br>Schaumberg, Illinois 60196-8084<br>Attn: Claims Department<br>Claim # 57300226605 | $5,400.00 | Kreg Willingham King -<br>DKT# 3:11CR52-001;<br>Tyler James England -<br>DKT #3:11CR68-001 and<br>David Aaron Smith -<br>DKT #3:11CR62-001 |
| Escambia Lawn and Garden<br>8720 Highway 31<br>Atmore, Alabama 36502<br>Attn: William Grissett | $1,000.00 | Kreg Willingham King -<br>DKT# 3:11CR52-001;<br>Tyler James England -<br>DKT #3:11CR68-001 and<br>David Aaron Smith -<br>DKT #3:11CR62-001 |
| Alfa Insurance<br>215 South Main<br>Atmore, Alabama 36502<br>Claim #R0077787<br>Attn: Earnie Ryan | $8,500.00 | Kreg Willingham King -<br>DKT# 3:11CR52-001;<br>Tyler James England -<br>DKT #3:11CR68-001 and<br>David Aaron Smith -<br>DKT #3:11CR62-001 |
| Samuel Gibbs<br>(address maintained confidentially) | $1,000.00 | Kreg Willingham King -<br>DKT# 3:11CR52-001;<br>Tyler James England -<br>DKT #3:11CR68-001 and<br>David Aaron Smith -<br>DKT #3:11CR62-001 |

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise. If nominal payments are made by the defendant the court authorizes those payments to be made to the victims on a rotating basis.

The amount of loss and the amount of restitution ordered will be the same unless, pursuant to 18 U.S.C. § 3664(f)(3)(B), the court orders nominal payments and this is reflected in the Statement of Reasons page.

Should any of the property which is the basis for the listed restitution amount(s) be recovered, said restitution amount(s) should be reduced accordingly as verified by the government.

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) special monetary assessment; (2) non-federal victim restitution; (3) federal victim restitution; (4) fine principal; (5) costs; (6) interest; and (7) penalties in full immediately.

**Breakdown of fine and other criminal penalties is as follows:**
   **Fine: Waived   SMA: $200.00   Restitution: $28,177.25   Cost of Prosecution: None**

**The $200.00 monetary assessment shall be paid immediately.** Any payments of the monetary assessment and the fine made while the defendant is incarcerated shall be made through the Bureau of Prisons' Inmate Financial Responsibility Program. The remaining balance shall be paid as follows: In monthly installments of not less than $250 over a period of probation to commence 30 days after the date of this judgment.

The defendant must notify the court of any material changes in the defendant's economic circumstances, in accordance with 18 U.S.C. §§ 3572(d), 3664(k) and 3664(n). Upon notice of a change in the defendant's economic condition, the Court may adjust the installment payment schedule as the interests of justice require.

Special instructions regarding the payment of criminal monetary penalties pursuant to 18 U.S.C. § 3664(f)(3)(A):

Unless the court has expressly ordered otherwise above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. In the event the entire amount of monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due. The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.